NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5228-14T1

ANNA CASCIOLE,

 Plaintiff-Appellant,

v.

JOSEPH BONAFIGLIA,

 Defendant-Respondent.
__________________________

 Submitted January 31, 2017 — Decided February 27, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Atlantic
 County, Docket No. FD-01-596-13.

 Scott J. Capriglione, attorney for appellant.

 Respondent has not filed a brief.

PER CURIAM

 Plaintiff Anna Casciole appeals from a June 25, 2015 order,

entered after a plenary hearing, modifying custody and parenting

time and designating defendant Joseph Bonafiglia primary parent

of residence (PPR) for their daughter, then four years old. After
reviewing the record in light of the contentions advanced on

appeal, we affirm substantially for the reasons expressed in Judge

Noah Bronkesh's thorough and well-reasoned written opinion.

 Prior to the June 25 order, in May 2014, the parties, who

were never married, entered into a consent order agreeing they

would share joint physical and legal custody and New Jersey would

continue to be the "home state" of their child, although plaintiff

resided in Pennsylvania. The consent order remained in place

until plaintiff initiated the current proceedings. At the time

of the hearing, the parents lived about two hours apart. With the

parties' daughter about to turn five in September 2015, making her

eligible to attend kindergarten, plaintiff filed a petition that

venue be changed to Pennsylvania and that plaintiff be appointed

PPR. Defendant filed a cross-motion opposing the venue change and

seeking to become the PPR.

 Judge Bronkesh held a three-day hearing, after which he made

credibility assessments, and detailed fact-findings. He carefully

reviewed the statutory custody factors contained in N.J.S.A. 9:2-

4 as they applied to those facts. He found, as both parties

claimed, that the child becoming school age "constitute[d] a

substantial change of circumstance given the distance between the

parties' residences." The judge continued joint custody, finding

both parents to be fit. Although acknowledging that plaintiff

 2 A-5228-14T1
exercised more parenting time when the child was younger and

perhaps was more in tune with the child's needs due to their

mother-daughter bond, the judge designated defendant as the PPR

due to the greater stability of defendant's home environment and

his ability to provide superior educational opportunities for the

child. See N.J.S.A. 9:2-4 (7), (8) and (9).

 "The scope of appellate review of a trial court's fact-finding

function is limited." N.J. Div. of Youth & Family Servs. v.

I.Y.A., 400 N.J. Super. 77, 89 (App. Div. 2008). The findings

"are binding on appeal when supported by adequate, substantial,

credible evidence." Ibid. (quoting Cesare v. Cesare, 154 N.J.

394, 411-12 (1998)). "[B]ecause of the family courts' special

jurisdiction and expertise in family matters, appellate courts

should accord deference to family court factfinding." N.J. Div.

of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010)

(quoting Cesare, supra, 154 N.J. at 413).

 Judge Bronkesh's decision was supported by adequate,

substantial, credible evidence. He did not abuse his discretion

in making this difficult decision regarding the primary residence

of a young child. Plaintiff's argument that we should reverse

because no change of circumstances was established, as well as her

arguments concerning evidentiary issues, are without sufficient

merit to require discussion in a written opinion. R. 2:11-

 3 A-5228-14T1
3(e)(1)(E). We note only that our review of a trial judge's

evidentiary rulings requires that substantial deference be granted

to the judge's exercise of discretion. DeVito v. Sheeran, 165

N.J. 167, 198 (2000).

 Affirmed.

 4 A-5228-14T1